### R. D. CRAVER v. DURHAM HOTEL CORPORATION.

(Filed 12 April, 1922.)

**Easements—Alleyways—Common Source—Evidence—Chain of Title—Prima Facie Case—Nonsuit—Trials.**

Where the plaintiff claims an easement in an alley along the edge of the defendant's adjoining lands, and relies upon a paper chain of title from a common source, without possession, and fails to connect himself therewith, he fails to make out a *prima facie* case, and a judgment as of nonsuit upon the evidence is properly rendered. *Semble*, in the instant case, no rights have been lost by mere nonuser or failure to open the alleyway.

APPEAL by plaintiff from *Kerr, J.,* at January Term, 1922, of DURHAM.

Civil action to establish plaintiff's alleged claim and right of easement to a 10-foot alley running across and over the defendant's land.

This appeal is prosecuted from a judgment as of nonsuit, entered at the close of plaintiff's evidence.

*McLendon & Hedrick for plaintiff.*
*R. O. Everett and Fuller, Reade & Fuller for defendant.*

STACY, J. Plaintiff and defendant are adjacent landowners of several lots situate in the city of Durham, N. C., and plaintiff claims an easement, or perpetual right of user, in, to, and over an alleyway, ten feet wide and 65 feet in length, lying along the edge of defendant's property and adjoining one of the plaintiff's lots.

There was evidence tending to show that the defendant's land, as well as that claimed by the plaintiff, was originally owned by Martha Mangum. Plaintiff then undertook to establish his title, including the alleged easement in question, by offering *mesne* conveyances tending to connect his claim with the original title of Martha Mangum, defendant's predecessor in title and the common grantor of both parties. Plaintiff introduced a deed from Martha Mangum and husband to Rufus Massey, but it does not sufficiently appear in the evidence that Rufus Massey ever conveyed the land to any one, or that any of the persons under

whom the plaintiff now claims derived title from said Rufus Massey by descent or otherwise. There has been no actual possession of the strip of land in controversy. Hence, upon the record plaintiff has failed to make out a *prima facie* case. *Mobley v. Griffin,* 104 N. C., 113.

While this break in the plaintiff's chain of title would seem to be fatal, unless it can be cured, yet it does not appear from the instant record that any rights have been lost by mere nonuser or failure to open said alleyway. 9 R. C. L., 810.

For the reason assigned the judgment must be upheld.

Affirmed.